MANSFIELD, Justice
(dissenting).
While I agree with the analytical framework set forth in the court’s well-reasoned opinions of today, see, e.g., State v. Dudley, 856 N.W.2d 668, 671-85 (Iowa 2014), I would not send this particular case back for a new trial. In my view, the evidentia-ry error in this case did not prejudice the defendant.
As the majority opinion indicates, the district court’s error in this case was quite limited. Specifically, the district court should have granted the defendant’s motion to strike one sentence volunteered by the State’s expert. That sentence was: “[M.M.’s] demeanor was completely consistent with a child who has been traumatized, particularly multiple times.”
I agree with the majority that this volunteered testimony was improper. However, I do not believe it prejudiced substantial rights of the defendant. Reading the record in this case, the victim’s unre-butted testimony was clear, convincing, and generally consistent. The victim told her best friend and her mother of the defendant’s acts of sexual abuse after the defendant had left for New Mexico and her mother had broken up with the defendant. At that point, and when she later testified in court, the victim was twelve years old. According to the victim, over a period of approximately two years, the defendant took advantage of her when her mother was at work or in the shower or cooking. A medical examination revealed that the victim had scarring in her anus, which was the result of some type of repeated action, although it could have been repeated hard stools.
When the victim was interviewed by Kiesa Kay, she told Kay about numerous instances of various forms of sexual abuse over those two years. According to Kay’s report, the victim said Jaquez had only forced her to engage in vaginal intercourse three times total (at least according to Kay’s report). At trial and when deposed, the victim said the defendant forced her into sexual intercourse three times a week. In other respects, the victim’s trial testimony and the Kay report were consistent.
The defendant did not take the stand or present any other evidence on his behalf. Furthermore, while the State’s expert should not have been permitted to make the foregoing statement, it was only one sentence, and it simply connected the dots between the expert’s observations of the victim’s demeanor and general characteristics of child abuse victims. The jury likely could have connected those same dots themselves.
The prosecutor did not mention the victim’s demeanor or Kay’s testimony on that subject in closing argument. In fact, the prosecutor deemed it necessary to deliver very little by way of closing argument. In the transcript, the State’s closing argument runs for less than nine pages, including rebuttal.
We will not reverse when an evidentiary ruling did not prejudice the defendant. See, e.g., Iowa R. Evid. 5.103(a) (“Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected... .”); State v. Parker, 747 N.W.2d 196, 209 (Iowa 2008). In my view, the defendant was not prejudiced here.
I also believe the remaining issues raised by Jaquez on appeal are without merit. I would affirm his conviction.
CADY, C.J., and WATERMAN, J., join this dissent.